United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————

No. 02-51311
Summary Calendar

———————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS EARL HENDERSON, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-01-CR-100-1
--------------------

Before JOLLY, WIENER and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Thomas Earl Henderson, Jr., appeals from his jury trial conviction for possession with intent to distribute five grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. He argues that the district court improperly denied his motion for a new trial and that his conviction was not supported by sufficient evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In support of his motion for a new trial, Henderson argued that the prosecution had improperly interfered with Karen Hare, a potential witness, and that he had discovered evidence that a government witness had perjured herself after the close of trial. However, the district court properly ruled that the expected testimony of Hare would have been speculative at best and that the witness interference was therefore harmless. See United States v. Weddell, 800 F.2d 1404, 1410-1411 (5th Cir. 1986). As for the claim of newly-discovered evidence, the district court properly ruled that the evidence was not newly-discovered because Henderson had been alerted to the possibility of perjury before the introduction of the relevant testimony, and that it was only cumulative and impeaching. See United States v. Sullivan, 112 F.3d 180, 183 (5th Cir. 1997).

Henderson also argues that the prosecution failed to introduce evidence supporting a finding of an intent to distribute. However, as a government witness testified that Henderson had procured the crack cocaine underlying his conviction expressly in order to sell it, "a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000); United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002).

AFFIRMED.